UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

    Plaintiff,

v.

MARK INCH, *et al.*,

    Defendants.

Case No. 3:17-cv-01059-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This is a First Amendment case against federal officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff William A. White—a prisoner at the United States Penitentiary in Marion, Illinois—claims that prison officials violated his First Amendment rights when they confiscated some of his mail: two copies of *White Voice* and one copy of *The Talmud Unmasked*. (ECF No. 1, p. 16.) Prison officials explained that these materials posed a "threat to security, good order, or discipline of the institution"—so they exercised their discretion pursuant to 28 C.F.R. §§ 540.71 and 540.72 to reject the publications. (ECF No. 1-2, pp. 7–8.) White then sued, arguing that the seizure of the publications violated his First Amendment rights.

The defendants have now moved to dismiss this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Magistrate Judge Wilkerson advises this Court to grant that motion in his Report and Recommendation. (ECF Nos. 20, 28.) Because of White's objection to Magistrate Judge Wilkerson's Report, this Court has reviewed it *de novo*. FED. R. CIV. P. 72(b)(3); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). And as always with a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled allegations in the

1

complaint and centers instead on whether the plaintiff has pled factual content that suggests that he has a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well established that the First Amendment protects a prisoner's ability to send and receive mail, with certain caveats related to the prison's legitimate penological interests. *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). The problem for White, however, is that he cannot bring this type of claim against *federal* officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Even though district courts used to routinely adjudicate these types of matters, the Supreme Court changed the game in *Ziglar v. Abbasi*, — U.S. —, 137 S.Ct. 1843 (2017). In *Ziglar*—a prisoner *Bivens* action dealing with the Fourth and Fifth Amendments—the Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. 137 S.Ct. at 1859-60. The idea is that since *Bivens* is an implied remedy for damages under Constitutional principles rather than a legislatively-created remedy like 42 U.S.C. § 1983, courts should not expand that remedy unless there are special circumstances at hand. *Id.* at 1854–55.

The Supreme Court then explained that they have only officially recognized *Bivens* theories in three scenarios: (1) Fourth Amendment unreasonable searches and seizures; (2) Fifth Amendment gender discrimination; and (3) Eighth Amendment deliberate indifference to medical needs. *Id.* at 1855–56 (citing *Bivens*, 403 U.S. at 397; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). This case—a First Amendment action dealing with materials that prison officials believe posed a threat to security and good order— is none of those things, and even though federal courts used to adjudicate First Amendment *Bivens* actions

all the time, the Court may no longer do so according to *Ziglar*. Especially considering that the Supreme Court said a few years before *Ziglar*: "We have never held that Bivens extends to First Amendment claims"—making it quite clear that the Supreme Court has not yet "officially recognized" a First Amendment *Bivens* claim. *Reichle v. Howards,* 566 U.S. at 663 n. 4 (2012).

There is one exception, however, as previously mentioned: whether there are "special factors" in this case that urge expanding *Bivens* here. These include questions like "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Id.* at 1858. And here, as Magistrate Judge Wilkerson explains in his Report and Recommendation, White has alternative avenues to obtain relief: he can go through the Bureau of Prison's administrative remedies program; he can file small claims under 31 U.S.C. § 3723 and 3724; he can file complaints with the Inspector General; and more. The Court does not believe it should turn this simple prison administrative issue regarding potentially dangerous publications into a lawsuit asking for money damages absent any sort of congressional action. Indeed, "[n]ationwide, district courts seem to be in agreement that, post-Abbasi, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." *Harris v. Dunbar*, No. 217CV00536WTLDLP, 2018 WL 3574736, at *3 (S.D. Ind. July 25, 2018) (collecting cases). This Court joins those hordes of other district courts in agreement.

## CONCLUSION

Accordingly, the Court:

- **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (ECF No. 28);
- **OVERRULES** White's objection to the Report (ECF No. 29);

- **GRANTS** the defendants' motion to dismiss (ECF No. 20);

- **DISMISSES** this action **WITH PREJUDICE**; and

- **DIRECTS** the Clerk of Court to judgment to enter accordingly.

**IT IS SO ORDERED.**

**DATED: DECEMBER 14, 2018**

**s/ *J. Phil Gilbert*** 
**J. PHIL GILBERT** 
**U.S. DISTRICT JUDGE**
